IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | | |
|---|---|---|---|
| In re | ) | | |
| | ) | | |
| GREG DEAN JENKINS, | ) | Case No. 05-22844 | |
| | ) | CHAPTER 7 | |
| Debtor. | ) | | |
| | ) | | |
| DEANNA HURLESS, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | Adv. No. 06-2002 | |
| | ) | | |
| GREG DEAN JENKINS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

FILED
10:35 am, 11/6/06
Joyce W. Harris
Clerk of Court

## OPINION ON COMPLAINT

On October 11, 2006, the court held a trial on the Complaint to Determine Dischargeability of Debt under Section 523(a)15 (sic) filed by Deanna Hurless. Ms. Hurless contends certain marital debts owed to her by the Debtor, Greg Dean Jenkins, are nondischargeable. The court has considered the testimony and other evidence, and the applicable law, and is prepared to rule.

### Jurisdiction

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(a) & 1334(a). This is a core proceeding under § 157(b)(2)(I).

### Findings of Fact

The parties were married for seven years. On February 2, 2005, the Carbon County, Wyoming District Court (District Court) entered a Judgment and Decree of Divorce

(Decree). The Decree approved the terms of a stipulated Property Settlement Agreement (Agreement).

The Agreement and Decree require that Mr. Jenkins pay three installment debts the couple owed to US Bank and a portion of a vehicle loan the couple owed to Uni-Wyo Federal Credit Union (Uni-Wyo). The Uni-Wyo loan was secured by a 1997 Ford Diesel truck.

Shortly after the Decree was entered, the parties executed an Indemnification Agreement. The Indemnification Agreement was not approved by the District Court. Under the Indemnification Agreement, Ms. Hurless agreed to pay off two of the US Bank loans totaling $10,000. Ms. Hurless obtained the $10,000 from a credit card advance. In return, Mr. Jenkins agreed to pay Ms. Hurless $350 per month until the $10,000 was repaid to her.

Mr. Jenkins made some payments on the obligations under the Decree and the Indemnification Agreement. However, he stopped making payments in July 2005 and filed his voluntary chapter 7 petition on October 14, 2005. Mr. Jenkins surrendered the Ford Diesel truck to Uni-Wyo and it was subsequently sold, resulting in a deficiency claim of $2,400.

As the general manager of a local restaurant, Mr. Jenkins' gross pay per month is about $3,400. His net pay is approximately $2,800. Mr. Jenkins is entitled to receive child support from the mother of his two teenaged sons, but the payments are nominal and sporadic. Mr. Jenkins resides with a female roommate who pays half of the rent and with his

two sons, both of whom are his dependents. Mr. Jenkins' monthly expenses are reasonable, and include: $1,150 for his share of the rent and utilities; $700 for food; $800 for a vehicle payment, insurance and transportation costs; $150 for medical expenses; and $50 for recreation. The expenses total $2,900 per month. Mr. Jenkins owns two vehicles, owns no real property, and has no retirement savings.

Ms. Hurless is employed by Uni-Wyo. Unless she pays the deficiency claim on the Ford Diesel truck, she will lose her job because the Credit Union refuses to suffer a financial loss caused by an employee.

Ms. Hurless also works part time at Wal-Mart. Her total monthly gross income is $3,600, and her net monthly pay is about $2,860. Ms. Hurless is purchasing a mobile home in which she resides. She owns a fairly new Chevrolet Blazer and two horses.

### Conclusions of Law

Ms. Hurless seeks to have the three obligations declared nondischargeable under 11 U.S.C. § 523(a)(15).[1] Under that section, a debtor is not discharged from any nonsupport debt

> that is incurred by the debtor in the course of a divorce . . . or divorce decree or other order of a court of record . . . ; unless

---

[1] All references to the United States Bankruptcy Code in this case are to the statutes effective prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act.

3

      (A)    the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . . ; or

      (B)    discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.  11 U.S.C. § 523(a)(15).

Ordinarily, the plaintiff has the burden to prove by a preponderance of the evidence that the debt should be excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 661 (1991). Under § 523(a)(15) however, the debtor has the burden of proof as to the applicability of both exceptions to nondischarge. *In re Crosswhite*, 148 F.3d 879, (7th Cir. 1998); *In re Simons*, 193 B.R. 48, 50 (Bankr. W.D. Okla. 1996).

In this case, the debtor's evidence shows he does not have the funds to pay the indemnity obligation, the truck loan or the remaining US Bank loan. Mr. Jenkins is raising two teenaged sons on income which is below Wyoming's median income for any size family. His income for a family of three is the same as Ms. Hurless earns to support only herself. Mr. Jenkins' expenses for clothing and food are reasonable for a family with two teenagers. The debtor has no disposable income for an emergency or unanticipated expenses and no savings. The budget has no income that could be devoted to payment of the marital debts.

As is often the case, neither party can afford the consequences of this divorce. Nevertheless, the debtor has established the requisite elements of § 523(a)(15)(A) and the debts are dischargeable.

The court will enter a judgment in accordance with this Opinion on Complaint.

DATED this 3 day of November, 2006.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
   Janet Tyler
   Paul Hunter